

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

D-1  ALVAREZ MOULTRIE,
D-2  MALIK TURNER,
       a.k.a. MILIK TURNER,
D-3  WILLIE BEE BRANCH,
D-4  LEVAIL BURIEL,
D-5  MATTHEW JONES,
D-6  PASCAL STITT,
D-7  ANDRE GIBSON,
D-8  BARRY SILER,
D-9  KEITH HAYES JR.,
D-10 INOCENSIO CASTILLO JR.,
D-11 DAMON WILBERT,
D-12 MARCELLUS SANDERS,
D-13 HUGH DAVIS,
D-14 ELISABETH COONEY, and
D-15 HEATHER WILSON,

                Defendants.

Case No. 25-cr-20608

HON. THOMAS L. LUDINGTON
United States District Judge

HON. PATRICIA T. MORRIS
United States Magistrate Judge

Violations:
21 U.S.C. §§ 846, 841
21 U.S.C. § 841
18 U.S.C. § 922(g)
18 U.S.C. § 924(c)
21 U.S.C. § 843(b)

---

## SECOND SUPERSEDING INDICTMENT

---

**THE GRAND JURY CHARGES:**

<u>**COUNT ONE**</u>
**Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine**
**21 U.S.C. §§ 846 and 841(a)(1)**

D-1   ALVAREZ MOULTRIE
D-2   MALIK TURNER
D-3   WILLIE BEE BRANCH
D-4   LEVAIL BURIEL
D-5   MATTHEW JONES
D-7   ANDRE GIBSON
D-8   BARRY SILER
D-9   KEITH HAYES JR.
D-10  INOCENSIO CASTILLO JR.
D-13  HUGH DAVIS
D-14  ELISABETH COONEY

From a date unknown to the grand jury, but since at least April 2025, and continuing to on or about August 20, 2025, in the Eastern District of Michigan and elsewhere, Alvarez Moultrie, Malik Turner a.k.a. Milik Turner, Willie Bee Branch, Levail Buriel, Matthew Jones, Andre Gibson, Barry Silers, Keith Hayes Jr., Inocensio Castillo Jr., Hugh Davis, and Elisabeth Cooney knowingly and intentionally conspired, confederated and agreed together and with each other, and with other persons, known and unknown to the grand jury, to possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1), and 846. The conspiracy as a whole involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all of which is attributable to each

defendant as a result of their own individual conduct, and the conduct of other conspirators reasonably foreseeable to each of them.

## SENTENCE ENHANCEMENT
## 21 U.S.C. §§ 841(b)(1)(B)(ii) and 851

Before Malik Turner a.k.a. Milik Turner committed the offense charged in this count, Malik Turner a.k.a. Milik Turner had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 841(a)(1): distribution of heroin, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and is therefore subject to increased penalties provided under Title 21, United States Code, Sections 841 and 851.

## COUNT TWO
### Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine
### 21 U.S.C. §§ 846 and 841(a)(1)

D-4   LEVAIL BURIEL
D-6   PASCAL STITT
D-10  INOCENSIO CASTILLO JR.
D-15  HEATHER WILSON

From a date unknown to the grand jury, but since at least June 29, 2025, and continuing to on or about August 20, 2025, in the Eastern District of Michigan and elsewhere, Levail Buriel, Pascal Stitt, Inoensio Castillo Jr., and Heather Wilson knowingly and intentionally conspired, confederated and agreed together and with

each other, and with other persons, known and unknown to the grand jury, to possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1), and 846. The conspiracy as a whole involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all of which is attributable to each defendant as a result of their own individual conduct, and the conduct of other conspirators reasonably foreseeable to each of them.

### SENTENCE ENHANCEMENT
### 21 U.S.C. §§ 841(b)(1)(B)(ii) and 851

Before Pascal Stitt committed the offense charged in this count, Pascal Stitt had a final conviction for a serious drug felony, namely, a conviction under Michigan Compiled Law § 333.7401(2)(A)(iii): manufacturing, creating, delivering, or possessing with intent to manufacture, create, or deliver controlled substance 50-449 grams, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and is therefore subject to increased penalties provided under Title 21, United States Code, Sections 841 and 851.

## COUNT THREE
## Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine
## 21 U.S.C. §§ 846 and 841(a)(1)

D-11  DAMON WILBERT
D-12  MARCELLUS SANDERS
D-13  HUGH DAVIS
D-14  ELISABETH COONEY

From a date unknown to the grand jury, but since at least April 2025, and continuing to on or about September 16, 2025, in the Eastern District of Michigan and elsewhere, Damon Wilbert, Marcellus Sanders, Hugh Davis, and Elisabeth Cooney knowingly and intentionally conspired, confederated and agreed together and with each other, and with other persons, known and unknown to the grand jury, to possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1), and 846. The conspiracy as a whole involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all of which is attributable to each defendant as a result of their own individual conduct, and the conduct of other conspirators reasonably foreseeable to each of them.

## SENTENCE ENHANCEMENT
## 21 U.S.C. §§ 841(b)(1)(B)(ii) and 851

Before Damon Wilbert committed the offense charged in this count, Damon Wilbert had a final conviction for a serious drug felony, namely, a conviction under

21 U.S.C. § 841(a)(1): possession of cocaine with intent to distribute, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and is therefore subject to increased penalties provided under Title 21, United States Code, Sections 841 and 851.

### COUNT FOUR
**Possession with Intent to Distribute Cocaine**
**21 U.S.C. § 841(a)(1)**

D-2   MALIK TURNER

On or about August 20, 2025, in the Eastern District of Michigan, Malik Turner a.k.a. Milik Turner knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1).

### COUNT FIVE
**Possession with Intent to Distribute Cocaine**
**21 U.S.C. § 841(a)(1)**

D-3   WILLIE BEE BRANCH

On or about August 20, 2025, in the Eastern District of Michigan, Willie Bee Branch knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1).

## COUNT SIX
### Possession with Intent to Distribute Cocaine
### 21 U.S.C. § 841(a)(1)

D-5    MATTHEW JONES

On or about August 20, 2025, in the Eastern District of Michigan, Matthew Jones knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1).

## COUNT SEVEN
### Felon in Possession of a Firearm
### 18 U.S.C. § 922(g)(1)

D-5    MATTHEW JONES

On or about August 20, 2025, in the Eastern District of Michigan, Matthew Jones, knowing that he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Rugar, Model Blackhawk, .30 carbine caliber, semi-automatic pistol; a SR .357 Magnum; a Sig Sauer, Mosquito, .22 caliber, semi-automatic pistol; and a Smith and Wesson, M&P 40 Shield; .40 caliber, semi-automatic pistol, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT EIGHT
**Possession with Intent to Distribute Cocaine**
**21 U.S.C. § 841(a)(1)**

D-7    ANDRE GIBSON

On or about August 20, 2025, in the Eastern District of Michigan, Andre Gibson knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1).

## COUNT NINE
**Possession with Intent to Distribute Fentanyl**
**21 U.S.C. § 841(a)(1)**

D-7    ANDRE GIBSON

On or about August 20, 2025, in the Eastern District of Michigan, Andre Gibson knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1).

## COUNT TEN
**Felon in Possession of a Firearm**
**18 U.S.C. § 922(g)(1)**

D-7    ANDRE GIBSON

On or about August 20, 2025, in the Eastern District of Michigan, Andre Gibson, knowing that he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting

commerce, a firearm, that is, a Hi-Point, Model C9, 9mm caliber, semi-automatic

pistol, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT ELEVEN
**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**
**18 U.S.C. § 924(c)**

D-7   ANDRE GIBSON

On or about August 20, 2025, in the Eastern District of Michigan, Andre

Gibson knowingly possessed a firearm, that is, a Hi-Point, Model C9, 9mm caliber,

semi-automatic pistol, in furtherance of a drug trafficking crime for which he may

be prosecuted in a court of the United States, that is, possession with intent to

distribute cocaine, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TWELVE
**Possession with Intent to Distribute Cocaine**
**21 U.S.C. § 841(a)(1)**

D-9   KEITH HAYES JR.

On or about August 5, 2025, in the Eastern District of Michigan, Keith Hayes

Jr. knowingly and intentionally possessed with intent to distribute 500 grams or more

of a mixture or substance containing a detectable amount of cocaine, a Schedule II

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)

and (b)(1)(B)(ii)(II).

## COUNT THIRTEEN
### Felon in Possession of a Firearm
### 18 U.S.C. § 922(g)(1)

D-9   KEITH HAYES JR.

On or about August 5, 2025, in the Eastern District of Michigan, Keith Hayes Jr., knowing that he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Smith & Wesson, .357 revolver, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOURTEEN
### Possession with Intent to Distribute Cocaine
### 21 U.S.C. § 841(a)(1)

D-11  DAMON WILBERT

On or about September 16, 2025, in the Eastern District of Michigan, Damon Wilbert knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii)(II).

## SENTENCE ENHANCEMENT
### 21 U.S.C. §§ 841(b)(1)(B)(ii) and 851

Before Damon Wilbert committed the offense charged in this count, Damon Wilbert had a final conviction for a serious drug felony, namely, a conviction under 21 U.S.C. § 841(a)(1): possession of cocaine with intent to distribute, for which he

served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and is therefore subject to increased penalties provided under Title 21, United States Code, Sections 841 and 851.

## COUNT FIFTEEN
### Felon in Possession of a Firearm
### 18 U.S.C. § 922(g)(1)

D-11  DAMON WILBERT

On or about September 16, 2025, in the Eastern District of Michigan, Damon Wilbert, knowing that he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Taurus, Model 856, .38 caliber, revolver, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIXTEEN
### Felon in Possession of a Firearm
### 18 U.S.C. § 922(g)(1)

D-12  MARCELLUS SANDERS

On or about September 16, 2025, in the Eastern District of Michigan, Marcellus Sanders, knowing that he had been previously convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm, that is, a Glock, Model 42, .380 caliber, semi-automatic pistol, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SEVENTEEN
### Possession with Intent to Distribute Cocaine
### 21 U.S.C. § 841(a)(1)

D-13  HUGH DAVIS

On or about September 16, 2025, in the Eastern District of Michigan, Hugh

Davis knowingly and intentionally possessed with intent to distribute a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1).

## COUNT EIGHTEEN
### Possession with Intent to Distribute Cocaine Base
### 21 U.S.C. § 841(a)(1)

D-13  HUGH DAVIS

On or about September 16, 2025, in the Eastern District of Michigan, Hugh

Davis knowingly and intentionally possessed with intent to distribute a mixture or

substance containing a detectable amount of cocaine base, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1).

## COUNT NINETEEN
### Felon in Possession of a Firearm
### 18 U.S.C. § 922(g)(1)

D-13  HUGH DAVIS

On or about September 16, 2025, in the Eastern District of Michigan, Hugh

Davis, knowing that he had been previously convicted of an offense punishable by

a term of imprisonment exceeding one year, knowingly possessed, in and affecting

commerce, a firearm, that is, a New England, Pardner Model SBI, .410 caliber, shotgun; a Remington, Model Speedmaster 552, .22 lr caliber rifle; a New England, Pardner Model SBI, 12 gauge shotgun; a New Haven, Model 283TB, .410 caliber, shotgun; a Remington, Model Wingmaster 870, 12 gauge, shotgun; a Ruger, Model P90, .45 auto caliber, semi-automatic pistol; and a Remington, Model Hawk HP9, 12 gauge, shotgun, in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT TWENTY**
**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**
**18 U.S.C. § 924(c)**

D-13  HUGH DAVIS

On or about September 16, 2025, in the Eastern District of Michigan, Hugh Davis, knowingly possessed a firearm, that is, a New England, Pardner Model SBI, .410 caliber, shotgun; a Remington, Model Speedmaster 552, .22 lr caliber rifle; a New England, Pardner Model SBI, 12 gauge shotgun; a New Haven, Model 283TB, .410 caliber, shotgun; a Remington, Model Wingmaster 870, 12 gauge, shotgun; a Ruger, Model P90, .45 auto caliber, semi-automatic pistol; and a Remington, Model Hawk HP9, 12 gauge, shotgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TWENTY-ONE
### Possession of a Firearm in Furtherance of a Drug Trafficking Crime
### 18 U.S.C. § 924(c)

D-14  ELISABETH COONEY

On or about September 16, 2025, in the Eastern District of Michigan, Elisabeth Cooney, knowingly possessed a firearm, that is, a Walther, Model P22, .22 lr caliber, semi-automatic pistol, and a Taurus, Model G2C, 9mm caliber, semi-automatic pistol, in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TWENTY-TWO
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-1  ALVAREZ MOULTRIE

Beginning on a date unknown to the grand jury, but since at least July of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Alvarez Moultrie knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and

841(a)(1), as set forth in Count One of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-THREE
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-2   MALIK TURNER

Beginning on a date unknown to the grand jury, but since at least July of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Malik Turner a.k.a. Milik Turner knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count One of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-FOUR
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-3   WILLIE BEE BRANCH

Beginning on a date unknown to the grand jury, but since at least June of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Willie Bee Branch knowingly and intentionally used and caused others to use a

communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count One of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-FIVE
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-4   LEVAIL BURIEL

Beginning on a date unknown to the grand jury, but since at least May of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Levail Buriel knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Counts One and Two of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-SIX
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-5   MATTHEW JONES

Beginning on a date unknown to the grand jury, but since at least July of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Matthew Jones knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count One of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-SEVEN
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-6   PASCAL STITT

Beginning on a date unknown to the grand jury, but since at least June of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Pascal Stitt knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled

Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count Two of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

**COUNT TWENTY-EIGHT**
**Use of a Communication Facility**
**21 U.S.C. § 843(b)**

D-7   ANDRE GIBSON

Beginning on a date unknown to the grand jury, but since at least July of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Andre Gibson knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count One of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-NINE
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-8    BARRY SILER

Beginning on a date unknown to the grand jury, but since at least April of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Barry Siler knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count One of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-9    KEITH HAYES JR.

Beginning on a date unknown to the grand jury, but since at least March of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Keith Hayes Jr. knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the

Controlled Substances Act, that is, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count One of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-ONE
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-10  INOCENSIO CASTILLO JR.

Beginning on a date unknown to the grand jury, but since at least June of 2025, and continuing at least until August 20, 2025, in the Eastern District of Michigan, Inocensio Castillo Jr. knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count Two of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-TWO
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-11 DAMON WILBERT

Beginning on a date unknown to the grand jury, but since at least May of 2025, and continuing at least until September 16, 2025, in the Eastern District of Michigan, Damon Wilbert knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count Three of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-THREE
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-12 MARCELLUS SANDERS

Beginning on a date unknown to the grand jury, but since at least April of 2025, and continuing at least until September 16, 2025, in the Eastern District of Michigan, Marcellus Sanders knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the

Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Count Three of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

**COUNT THIRTY-FOUR**
**Use of a Communication Facility**
**21 U.S.C. § 843(b)**

D-13  HUGH DAVIS

Beginning on a date unknown to the grand jury, but since at least February of 2025, and continuing at least until September 16, 2025, in the Eastern District of Michigan, Hugh Davis knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Counts One and Three of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT THIRTY-FIVE
### Use of a Communication Facility
### 21 U.S.C. § 843(b)

D-14  ELISABETH COONEY

Beginning on a date unknown to the grand jury, but since at least February of 2025, and continuing at least until July 22, 2025, in the Eastern District of Michigan, Elisabeth Cooney knowingly and intentionally used and caused others to use a communication facility, that is a telephone, in committing, causing, and facilitating the commission of an act or acts constituting a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), as set forth in Counts One and Three of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Thirty-Five of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853(a) and Title 18, United States Code, Section 924(d)(1).

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendants shall forfeit to the United States: (1) any property, real or personal, constituting, or derived

from, any proceeds obtained, directly or indirectly, as the result of such offense; and

(2) any property used, or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, the offense.

Dated:  November 12, 2025                    THIS IS A TRUE BILL

                                             s/Grand Jury Foreperson_____
                                             GRAND JURY FOREPERSON

JEROME F. GORGON, JR.
United States Attorney


s/Anthony P. Vance_____              s/William Orr_____
ANTHONY P. VANCE                           WILLIAM ORR
Assistant United States Attorney           Assistant U.S. Attorney
Chief, Branch Offices                      101 First Street, Suite 200
600 Church Street                          Bay City, Michigan 48708-5747
Flint, Michigan 48502-1280                 Phone: (989) 895-5712
Phone: (810) 766-5177                      william.orr@usdoj.gov
anthony.vance@usdoj.gov                    Texas Bar No: 24102308
P61148

**Companion Case information MUST be completed by AUSA and initialed**

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>25-CR-20608 |
|---|---|---|

**NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.**

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned:   Thomas L. Ludington |
| ☐ Yes          x No | AUSA's Initials:   WO |

Case Title: USA v.  Alvarez Moultrie, et al

County where offense occurred:  Saginaw County and elsewhere

Check One:  X Felony     __ Misdemeanor  __ Petty

_____Indictment/___Information --- **no** prior complaint.

_____Indictment/___Information ---  based upon prior complaint []

___X___Indictment/___Information ---  based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: 25-cr-20608_____          Judge:      Thomas L. Ludington_____

☐     Corrects errors; no additional charges or defendants.

☐     Involves, for plea purposes, different charges or adds counts.

X     Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| D-1  Alvarez Moultrie | 21 U.S.C. § 843(b) | |
| D-2  Malik Turner, | 21 U.S.C. § 841(a)(1) | |
|      a.k.a. Milik Turner, | 21 U.S.C. § 843(b) | |
| D-3  Willie Bee Branch | 21 U.S.C. § 841(a)(1) | |
|      | 21 U.S.C. § 843(b) | |
| D-4  Levail Buriel, | 21 U.S.C. § 843(b) | |
| D-5  Matthew Jones | 21 U.S.C. § 841(a)(1) | |
|      | 21 U.S.C. § 843(b) | |
|      | 18 U.S.C. § 922(g)(1) | |
| D-6  Pascal Stitt, | 21 U.S.C. § 843(b) | 1:25-mj-30525 |
| D-7  Andre Gibson | 21 U.S.C. §§ 846 and 841(a)(1) | 1:25-mj-30529 |
|      | 21 U.S.C. § 841(a)(1) | |
|      | 21 U.S.C. § 841(a)(1) | |
|      | 18 U.S.C. § 922(g)(1) | |
|      | 18 U.S.C. § 924(c) | |
|      | 21 U.S.C. § 843(b) | |
| D-8  Barry Siler | 21 U.S.C. §§ 846 and 841(a)(1) | |
|      | 21 U.S.C. § 843(b) | |

| D-9 | Keith Hayes Jr | 21 U.S.C. §§ 846 and 841(a)(1)<br>21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 922(g)(1)<br>21 U.S.C. § 843(b) | 1:25-mj-30490 |
| D-10 | Inocensio Castillo Jr. | 21 U.S.C. §§ 846 and 841(a)(1)<br>21 U.S.C. § 843(b) | |
| D-11 | Damon Wilbert | 21 U.S.C. §§ 846 and 841(a)(1)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 843(b)<br>18 U.S.C. § 922(g)(1) | 1:25-mj-30586 |
| D-12 | Marcellus Sanders | 21 U.S.C. §§ 846 and 841(a)(1)<br>18 U.S.C. § 922(g)(1)<br>21 U.S.C. § 843(b) | |
| D-13 | Hugh Davis | 21 U.S.C. §§ 846 and 841(a)(1)<br>21 U.S.C. §§ 846 and 841(a)(1)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(a)(1)<br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(c)<br>21 U.S.C. § 843(b) | |
| D-14 | Elisabeth Cooney | 21 U.S.C. §§ 846 and 841(a)(1)<br>21 U.S.C. §§ 846 and 841(a)(1)<br>18 U.S.C. § 924(c)<br>21 U.S.C. § 843(b) | |
| D-15 | Heather Wilson | 21 U.S.C. §§ 846 and 841(a)(1) | 1:25-mj-30525 |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

Date:  November 12, 2025

s/William Orr
_____
William Orr
Assistant United States Attorney
101 First Street, Suite 200, Bay City, MI 48708
Phone:  989-895-5712
Fax: 989-895-5790
E-Mail address: William.Orr@usdoj.gov
Attorney Bar #:  Texas 24102308

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.