UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW JONES,<br><br>    Defendant. | Case No. 25-cr-20608<br><br>Honorable Robert J. White |

## PRELIMINARY ORDER OF FORFEITURE

Based upon Defendant Matthew Jones's conviction for violating 21 U.S.C. §§ 846 and 841 (Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine), set forth in the Second Superseding Indictment (ECF No. 74), the Rule 11 Plea Agreement (ECF No. 178), the Application for Preliminary Order of Forfeiture, and other information in the record, and pursuant to Fed. R. Crim. P. 32.2, 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.    The United States' Application for Entry of Preliminary Order of Forfeiture is **GRANTED**; and

2.      Defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1), his interest in any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from his violation of 21 U.S.C. §§ 846 and 841.

Such property that has a sufficient nexus to the Defendant's violation and subject to forfeiture includes, but is not limited to, the following:

- $13,978.00 in U.S. Currency (25-FBI-008377)
- $15,000.00 in U.S. Currency (25-FBI-008376)
- $843 in U.S. Currency
- Miscellaneous Firearm and Ammunition (25-FBI-007092):
  - Rugar .30 Carbine Cal Blackhawk Ser No: 51-29929
  - SR .357 Magnum Ser No: 15F72677
  - Sig Sauer Magazine with four .22 Caliber
  - Smith & Wesson S&P Shield Ser No:  LDN9257

(hereinafter referred to as the Subject Property).

3.      The Subject Property **IS HEREBY FORFEITED** to the United States under Fed.R. Crim.P. 32.2, 21 U.S.C. § 853 and 18 U.S.C. § 924(d)(1) for disposition according to law, and any right, title and interest of Defendant, and any right, title and interest that Defendant's heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED.**

4.      Upon entry of this Preliminary Order of Forfeiture, the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

5.     Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.  The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.  Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6.     After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a

3

showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

8. If a third party files a timely petition for ancillary hearing regarding the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

9. The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: July 8, 2026

s/ Robert J. White
Robert J. White
United States District Judge

4